

U.S. Department of Justice

United States Attorney
Eastern District of New York

RTP:PP
F. #2021R00894

271 Cadman Plaza East
Brooklyn, New York 11201

March 29, 2023

By ECF

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  United States v. Krystle Burrell
      No. 23-MJ-279; 22-CR-195

Dear Judge Levy:

   The government respectfully submits this letter in advance of the defendant's initial appearance before the Court on a complaint charging her with conspiracy to smuggle contraband into the MDC. 23-MJ-279. At that time, the government will seek to revoke the defendant's bond permitting her release in United States v. Krystle Burrell, 22-CR-195 (KAM).

   On April 29, 2022, a grand jury sitting in the Eastern District of New York returned an indictment, charging the defendant with conspiracy to commit federal program bribery and conspiracy to violate the Travel Act by committing bribery in violation of New York State law. See 22-CR-195 (KAM) (Docket No. 16). On September 20, 2022, the defendant pleaded guilty before the Honorable Kiyo A. Matsumoto to Count Three of the Indictment, charging the defendant with federal program bribery, in violation of 18 U.S.C. § 666(a)(1)(B). See Docket No. 34. The defendant is currently awaiting sentencing before Judge Matsumoto.

   As this Court found in authorizing the latest arrest warrant for the defendant, there is probable cause to believe that, after having pleaded guilty before Judge Matsumoto to receiving bribes in exchange for smuggling contraband into Rikers Island, the defendant conspired with Terrae Hinds and others to smuggle contraband, including marijuana and cigarettes, into the Metropolitan Detention Center (the "MDC"). When she conspired with Hinds to pay money for contraband to be smuggled into the MDC, the defendant violated two provisions of her bond: she committed a new federal crime while on pretrial release and she had contact with Hinds outside the presence of counsel.

There are two separate bases to revoke the defendant's bond. First, pursuant to 18 U.S.C. § 3143(a)(1), a defendant who has been found guilty of an offense and is awaiting sentencing "shall" "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."[1]

The defendant cannot demonstrate by clear and convincing evidence that she does not pose a danger to the safety of the community. Even after pleading guilty to accepting bribes to smuggle contraband into Rikers Island, the defendant again conspired with Terrae Hinds to smuggle contraband into a jail, this time into the MDC. The smuggling of contraband into the MDC is a serious offense as it endangers the safety of both correction officers and other incarcerated individuals at New York City's only federal jail.

Separately, the government seeks to revoke the defendant's bond pursuant to 18 U.S.C. § 3148(b). Under that statute, the court "shall enter an order of revocation and detention if, after a hearing, the judicial officer . . . finds that there is . . . probable cause to believe that the person has committed a Federal, State, or local crime while on release" and "(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." Under § 3148, "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." Again, for the reasons set forth above, there are no combination of conditions that will assure that the defendant will not continue to pose a danger to the community by committing new crimes. The defendant has shown by her actions that she will not abide by the rules of her pretrial release set by the Court, and thus, her detention pending sentencing is required.

In a letter to Judge Matsumoto in advance of her sentencing hearing, the defendant claimed that her actions as a correction officer at Rikers Island were "a moment of weakness as a human being" and that she is trying to be a "productive citizen." See Docket No. 48-1. These words unfortunately ring hollow: the defendant has violated the Court's trust by continuing to commit crimes while on pretrial release. Accordingly, pursuant to 18 U.S.C. §§ 3143 and 3148, the defendant should be detained pending sentencing because she

---

[1] The government previously estimated that the defendant faced a Guidelines range of imprisonment of 30 to 37 months in the case pending before Judge Matsumoto. The government submits that the defendant is no longer entitled to a three-level reduction for acceptance of responsibility, and that she now faces a Guidelines range of 41 to 51 months' imprisonment.

cannot demonstrate that she is not a danger to the community and that she will not continue to commit crimes in violation of her bond.

                Respectfully submitted,

                BREON PEACE
                United States Attorney

       By: /s/ Philip Pilmar
                Philip Pilmar
                Assistant U.S. Attorney
                (718) 254-6106

cc: Clerk of Court (By ECF)
   Michael Hueston, Esq. (By ECF)